|  |  |  |
|---|---|---|
| | : | |
| KENNETH D. CHRISTMAN, M.D., | : | Case No. 1:09CV189 |
| | : | |
| Plaintiff, | : | Senior Judge Herman J. Weber |
| | : | |
| v. | : | |
| | : | **DEFENDANT'S MOTION** |
| UNITED STATES OF AMERICA, | : | **TO DISMISS** |
| | : | |
| Defendant. | : | |
| | : | |

Defendant United States of America respectfully moves to dismiss Dr. Kenneth D. Christman's ("Plaintiff") claim for lack of jurisdiction and failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1),(6).

A memorandum of law supporting this Motion to Dismiss follows.

## MEMORANDUM

### I. Introduction

#### A. Statement of Facts

Plaintiff filed the present lawsuit on January 5, 2009 in the Franklin Municipal Court, Warren County, Ohio, Civil Division. (Complaint, Doc. No. 2.). Originally named as the Defendant was Rutherford Middleton Jr., ("Middleton") a veteran of the United States Armed Forces. *Id.* On August 17, 2006, Middleton suffered an injury to his forehead and was admitted to the Emergency Room at Sycamore Hospital ("Sycamore") in Centerville, Ohio, where he received several stitches from the Plaintiff to suture the wound. (Ex. 1, pg. 1). Middleton informed the hospital that he did not have medical insurance, but that the Department of

Veterans Affairs ("VA") would pay for his emergency medical treatment. *Id.* Sycamore billed the VA approximately $6,248.00, while the Plaintiff billed the VA approximately $5,618.00 for the medical services rendered. *Id.*

On December 29, 2006, the VA contacted the Plaintiff regarding the payment for the medical care the Plaintiff had rendered to Middleton. (Ex. 2, pg. 1). The VA stated that it had reviewed the circumstances of the medical care Middleton received, and had determined that it was proper to retroactively authorize the treatment and pay the Plaintiff $1,045.15 for his services. *Id.* The VA alerted the Plaintiff that he had the right to appeal the above payment figure, a right which the Plaintiff did not exercise. *Id.* On February 2, 2007, the VA alerted Sycamore that it would be paying $1,782.03 for the medical services rendered to Middleton. (Ex. 3, pg. 1). Sycamore did not appeal this award.

### B. 38 U.S.C. § 1725 and 38 C.F.R. §§ 17.1001-17.1008

To determine the proper payment owed to the Plaintiff and Sycamore for the medical services rendered to Middleton, the VA referenced the statutory provisions set forth in 38 U.S.C. § 1725. Section 1725 was introduced as part of the Millennium Health Care and Benefits Act, Pub.L. No 106-117, § 111, 113 Stat. 1545 (1999), and became effective on May 29, 2000. Section 1725 authorizes the VA to implement provisions regarding the payment of or reimbursement for the reasonable value of medical services rendered at a non-VA facility for non-service connected medical emergencies to veterans without medical insurance. The VA set forth these provisions in Part 17 of Title 38 of the Code of Federal Regulations which covers Pensions, Bonuses, and Veterans' Relief.

Section 17.1002 of the C.F.R. provides the substantive conditions which must be fulfilled

in order for the VA to pay for or reimburse the reasonable cost of the emergency services rendered to a veteran. First, the emergency services must be "provided in a hospital emergency department or a similar facility held out as providing emergency care to the public." § 17.1002(a). Next, the treatment must have been for "a condition of such a nature that a prudent layperson would have reasonably expected that delay in seeking immediate medical attention would have been hazardous to life or health." § 17.1002(b). Further, it must be shown that treatment at "[a] VA or other Federal facility/provider was not feasibly available and an attempt to use them beforehand would not have been considered reasonable by a prudent layperson." § 17.1002(c). Additionally, if the medical care extends beyond the initial emergency evaluation and treatment, the medical emergency must be "of such a nature that the veteran could not have been safely discharged or transferred to a VA or other Federal facility." § 17.1002(d).

Also, when the veteran received emergency care, he or she must have been "enrolled in the VA health care system and [] received medical services under authority of 38 U.S.C. Chapter 17 within the 24-month period preceding the furnishing of such emergency treatment." § 17.1002(e). Next, the veteran must also be "financially liable to the provider of emergency treatment for that treatment." § 17.1002(f). Further, the veteran must not have "coverage under a health-plan contract for payment or reimbursement, in whole or in part, for the emergency treatment. § 17.1002(g). Additionally, if the medical care was necessitated as a result of an accident or work-related injury, the claimant must have "exhausted without success all claims and remedies reasonably available to the veteran or provider against a third party for payment of such treatment; and the veteran [must not have] contractual or legal recourse against a third party that could reasonably be pursued for the purpose of extinguishing" the veteran's liability.

§ 17.1002(h).  Finally, the veteran must not "be eligible for reimbursement under 38 U.S.C. § 1728 for the emergency treatment provided."  § 17.1002(i).

Section 17.1003 sets forth the conditions under which payment or reimbursement for ambulance services may be rendered.  Section 17.1004 provides procedures for filing claims for the payment or reimbursement for the medical services provided.  According to § 17.1004(a), a claimant for payment or reimbursement "must be the entity that furnished the treatment, the veteran who paid for the treatment, or the person or organization that paid for such treatment on behalf of the veteran."  Section 17.1004(b) states that a claimant must submit to the VA medical facility a completed standard billing form to obtain payment or reimbursement.  Further, the claim must be filed according to the time requirements set forth in § 17.1004(d).  Section 17.1004(e) provides the procedure to follow if the VA determines that additional information is necessary in order to make a proper determination regarding a claim.

Section 17.1005 sets forth the manner in which the payment the VA will provide for the medical services rendered to the veteran is determined.  According to § 17.1005(a), the payment or reimbursement for the emergency treatment "shall be the lesser of the amount for which the veteran is personally liable or 70 percent of the amount under the applicable Medicare fee schedule for such treatment."  Section 17.1006 sets forth that the Chief of the Health Administration Service along with the Fee Review Physician at the VA medical facility will make all determinations regarding payment or reimbursement.

Section 17.1007 lays out provisions which give the VA an independent right of recovery when any payment is made for the same emergency treatment for which the VA has already reimbursed or made payment.  Section 17.1008 sets forth a bar which prevents the medical

service provider from recovering any additional money from the veteran once the VA has rendered a reasonable payment for the emergency treatment the veteran received:

> Payment by VA under 38 U.S.C. 1725 on behalf of a veteran to a provider of emergency treatment shall, unless rejected and refunded by the provider within 30 days of receipt, extinguish all liability on the part of the veteran for that emergency treatment. Neither the absence of a contract or agreement between VA and the provider nor any provision of a contract, agreement, or assignment to the contrary shall operate to modify, limit or negate this requirement.

### C. Procedural History

Plaintiff sued Middleton on January 5, 2009, alleging that Middleton owed the Plaintiff $4,572.85, a sum which represented the amount of money the VA had not reimbursed the Plaintiff for the medical services rendered to Middleton, plus interest and costs. (Complaint, Doc. No. 2). On March 16, 2009, citing his status as a veteran, Middleton filed a successful Notice of Removal from the Franklin Municipal Court to this Court pursuant to 28 U.S.C. §§ 1441, 1442(a), and 1446(a). (Defendant's Notice of Removal, Doc. No. 1). On April 2, 2009, the United States filed a Notice of Substitution, and was subsequently successfully substituted for Middleton as the proper party defendant pursuant to 38 C.F.R. 17.56. (Defendant's Notice of Substitution, Doc. No. 3). The United States has this day filed the instant Motion to Dismiss which will be substantiated on the following grounds.

## II. Standard of Review

Motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may consist of a "facial attack," under which the moving party asserts that the allegations of the complaint are not sufficient to establish jurisdiction, or a "factual attack," under which the court may consider evidence to determine jurisdiction does exist. *O'Bryan v. Holy See,* 556 F.3d 361, 376-77 (6th Cir. 2009). In considering a factual attack, the court looks at evidence outside the

pleadings, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). However, even under a facial attack, conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent dismissal. *O'Bryan v. Holy See*, 556 F.3d at 377.

In evaluating a Rule 12(b)(6) motion, the Court accepts well-pleaded allegations as true and construes the complaint in the light most favorable to the Plaintiff in order to determine whether the Plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *See Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001). This standard of review requires more than bare assertions of legal conclusions, and a court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001) (citation omitted). "A motion to dismiss under Rule 12(b)(6) will be granted if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief." *Davis v. DCB Financial Corp.*, 259 F. Supp. 2d 664, 669 (S.D. Ohio Mar. 27, 2003).

## III.  Argument

### A.  38 U.S.C. § 1725 and 38 C.F.R. §§ 17.1001-17.1008 Bars Plaintiff's Action

Plaintiff's claim that he is owed additional money for the medical services he rendered to Rutherford Middleton Jr. must be dismissed because the Plaintiff has already received the proper payment from the Department of Veterans Affairs as set forth in Title 38 of both the United

States Code and the Code of Federal Regulations.  Plaintiff's original attempt to recover payment from Middleton was completely unwarranted, and his continued attempt to recover from the United States is unjustifiable as well.

As noted above, under 38 C.F.R. § 17.1002, which implements the statutory commands found in 38 U.S.C. § 1725, the VA can authorize the payment or reimbursement of emergency medical services rendered to a veteran in a non-VA facility as long as certain conditions are fulfilled.  In the present case, while Middleton's treatment for the facial lacerations he suffered was not previously authorized by the VA, the VA determined that the necessary conditions allowing for the payment for such treatment were present, and thus informed the Plaintiff that "[w]e have carefully reviewed your claim for payment of unauthorized medical services.  The following decision has been made:  Claim has been approved for authorization of care and payment."  (Ex. 2).

Once it was determined that the proper conditions for payment existed, the VA had the authority to ascertain the proper amount of money due to the Plaintiff for the emergency medical services he rendered to Middleton.  *See* § 17.1005.  In the present case, using the guideline set forth by § 17.1005, the VA documented the exact payment it was rendering to the Plaintiff, and advised the Plaintiff that if he disagreed with this award, he had the right to appeal under § 17.1006.  *Id.*  The Plaintiff did not appeal however, and this Court should not provide the Plaintiff with another means to challenge the VA's proper determination.  The bar to the recovery of additional money from Middleton or the United States is set forth in Section 17.1008, and as the amount which the VA provided the Plaintiff for the emergency medical services rendered to Middleton "extinguish[ed] all liability on the part of the veteran for that

emergency treatment."   § 17.1008.

As a result, it is evident that the Plaintiff's attempt to recover the balance of the payment for the services rendered to Middleton is without foundation even when the present facts are viewed in the light most favorable to the Plaintiff.  Therefore, the Plaintiff's claim should be dismissed as failing to state a claim upon which relief may be granted, because it is without merit due to the insurmountable bar set forth by 38 U.S.C. § 1725 and 38 C.F.R. § 17.1008 which prevents medical service providers from seeking additional payment from a veteran for emergency medical services rendered at a non-VA facility.

### B.  <u>Sovereign Immunity Bars the Action</u>

It is well settled that the United States, as a sovereign, may be sued only where Congress has waived its sovereign immunity.  *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941); *Fishburn v. Brown*, 125 F.3d 979, 981 (6th Cir. 1997).  Congress may attached conditions to its waiver of sovereign immunity, when it does so, those conditions must be strictly and narrowly construed in favor of the United States and they define the jurisdiction of the Court.

*United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. at 586-587; *Fishburn*, 125 F.3d at 981.  "The United States, including its agencies and its employees, can be sued only to the extent that it has expressly waived its sovereign immunity . . . Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the government." *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003) (citations omitted).  The burden is upon Plaintiff to establish that the United States has

waived sovereign immunity. *Whittle v. United States*, 7 F.3d 1259, 1261 (6th Cir. 1993). In the present matter, there has been no waiver of the sovereign immunity which the United States enjoys. As a result, this Court lacks the subject matter jurisdiction necessary to allow the case to proceed.

**IV.    Conclusion**

For the foregoing reasons, Defendant United States of America's Motion to Dismiss is well taken and should be granted.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney


s/Nicholas J. Pantel
NICHOLAS J. PANTEL (0021329)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street
Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-6972
Nicholas.Pantel @usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant's Motion to Dismiss was served this 8th day of June, 2009, electronically on:

**Steven C. Katchman**
steven@skatchman.com


s/Nicholas J. Pantel
NICHOLAS J. PANTEL (0021329)

9

Assistant United States Attorney