UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH D. CHRISTMAN, M.D., | : | Case No. 1:09-cv-189 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S
MOTION TO DISMISS (Doc. 6) BE GRANTED AND THIS CASE BE CLOSED**

This case is currently before the Court on Defendant's motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief may be granted. (Doc. 6). Plaintiff did not respond to the motion to dismiss.

**I.     FACTUAL BACKGROUND**

Plaintiff filed the present lawsuit on January 5, 2009 in the Franklin Municipal Court in Warren County, Ohio. (Doc. 2). Rutherford Middleton, Jr., a veteran of the United States Armed Forces, was originally named as the Defendant. *Id.* The underlying facts reflect that on August 17, 2006, Mr. Middleton suffered an injury to his forehead and was admitted to the emergency room at Sycamore Hospital in Centerville, Ohio, where Plaintiff gave him several stitches to suture the wound. (Doc. 6, Ex. 1 at 1). Mr.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Middleton informed the hospital that he did not have medical insurance, but that the Department of Veterans Affairs ("VA") would pay for his emergency medical treatment. *Id.* Sycamore Hospital billed the VA approximately $6,248.00, and Plaintiff billed the VA approximately $5,618.00 for the medical services Plaintiff had rendered. *Id.*

On December 29, 2006, the VA contacted Plaintiff regarding payment for the medical care he had rendered to Mr. Middleton. (Doc. 6, Ex. 2 at 1). The VA stated that it had reviewed the circumstances of the medical care Mr. Middleton had received and had determined that it was proper to authorize retroactively the treatment, but only in the amount of $1,045.15 for the services Plaintiff had rendered. *Id.* The VA alerted Plaintiff that he had the right to appeal the payment amount, a right which Plaintiff did not exercise. *Id.* On February 2, 2007, the VA informed Sycamore Hospital that the VA would pay $1,782.03 for the medical services the hospital had rendered to Mr. Middleton. (Doc. 6, Ex. 3 at 1). Sycamore Hospital did not appeal this award.

## II.   PROCEDURAL HISTORY

Plaintiff sued Mr. Middleton on January 5, 2009, alleging that Mr. Middleton owed him $4,572.85, a sum which represented the amount of money the VA had not reimbursed Plaintiff for the medical services Plaintiff had rendered to Mr. Middleton, plus interest and costs. (Doc. 2). On March 16, 2009, citing his status as a veteran, Mr. Middleton properly filed a Notice of Removal from the Franklin Municipal Court to this Court pursuant to 28 U.S.C. §§ 1441, 1442(a), and 1446(a). (Doc. 1). In April 2009, the United States was subsequently successfully substituted for Mr. Middleton as the proper party defendant pursuant to 38 C.F.R. 17.56. (Doc. 5).

On June 8, 2009, Defendant filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), (6). (Doc. 6). Because Plaintiff did not respond to the motion, on July 10, 2009, the Court issued an Order directing Plaintiff to show cause why the motion should not be construed as unopposed and granted. (Doc. 7). Plaintiff was ordered to respond to the show cause order by July 24, 2009, but he has failed to do so.

### III. STANDARD OF REVIEW

#### A. Fed. R. Civ. P. 12(b)(1)

Motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may consist of a "facial attack," under which the moving party asserts that the allegations of the complaint are not sufficient to establish jurisdiction, or a "factual attack," under which the court may consider evidence to determine jurisdiction does exist. *O'Bryan v. Holy See,* 556 F.3d 361, 376-77 (6th Cir. 2009). In considering a factual attack, the court looks at evidence outside the pleadings, and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Moreover, even under a facial attack, conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent dismissal. *O'Bryan*, 556 F.3d at 377.

#### B. Fed. R. Civ. P. 12(b)(6)

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of

law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To that end, for purposes of a motion to dismiss under Rule 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-557 (2007) (internal citations omitted).

Thus, the test for dismissal under Rule 12(b)(6) is a stringent one, and "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). S*ee also Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1189 (6th Cir. 1996).

## IV.    ANALYSIS

Plaintiff's failure to respond to the order to show cause warrants dismissal of this

action for lack of prosecution and for failure to comply with an order of the Court. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have an inherent power to *sua sponte* dismiss civil actions for want of prosecution); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991).

Moreover, dismissal is also warranted on the merits.

### A. 38 U.S.C. § 1725 and 38 C.F.R. §§ 17.1001-17.1008 Bar Plaintiff's Action

Plaintiff has already received payment from the VA for medical services he rendered to Mr. Middleton. Pursuant to 38 C.F.R. § 17.1002, which implements the statutory commands found in 38 U.S.C. § 1725, the VA can authorize the payment or reimbursement of emergency medical services rendered to a veteran in a non-VA facility as long as certain conditions are fulfilled. In the present case, while Mr. Middleton's treatment for the facial lacerations he suffered was not previously authorized by the VA, the VA determined that the necessary conditions allowing for the payment for such treatment were present, and therefore informed Plaintiff that the "Claim [was] approved for authorization of care and payment." (Doc. 6, Ex. 2).

Once it was determined that the proper conditions for payment existed, <u>the VA had the authority to ascertain the proper amount of money due to Plaintiff for the emergency medical services he rendered to Mr. Middleton.</u> *See* 38 C.F.R. § 17.1005. In the present case, using the guideline set forth by § 17.1005, the VA documented the exact payment it was rendering to Plaintiff, and advised him that if he disagreed with the award, he had the

right to appeal under 38 C.F.R. § 17.1006. *Id.* However, Plaintiff did not appeal, and this Court will not provide Plaintiff with another means to challenge the VA's determination. Moreover, the amount that the VA provided Plaintiff for the emergency medical services rendered to Mr. Middleton "extinguish[ed] all liability on the part of the veteran for that emergency treatment." 38 C.F.R. § 17.1008.

Even when the facts are viewed in the light most favorable to Plaintiff, he has no basis under which to recover the balance of the payment for the services rendered to Mr. Middleton. Therefore, Plaintiff fails to state a claim upon which relief may be granted, because 38 U.S.C. § 1725 and 38 C.F.R. § 17.1008 prevent medical service providers from seeking additional payment from a veteran for emergency medical services rendered at a non-VA facility.

### B. Sovereign Immunity Also Bars this Lawsuit

It is well settled that the United States, as a sovereign, may be sued only where Congress has waived its sovereign immunity. *United States v. Dalm*, 494 U.S. 596, 608 (1990); United *States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941); *Fishburn v. Brown*, 125 F.3d 979, 981 (6th Cir. 1997). Congress may attach conditions to its waiver of sovereign immunity, and when it does so, those conditions must be strictly and narrowly construed in favor of the United States and they define the jurisdiction of the Court. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Sherwood*, 312 U.S. at 586-587; *Fishburn*, 125 F.3d at 981. "The United States,

including its agencies and its employees, can be sued only to the extent that it has expressly waived its sovereign immunity . . . Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the government." *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003) (citations omitted).

The burden is upon Plaintiff to establish that the United States has waived sovereign immunity. *Whittle v. United States*, 7 F.3d 1259, 1261 (6th Cir. 1993). In the present case, there has not been a waiver of sovereign immunity. As a result, this Court lacks the subject matter jurisdiction necessary to permit the case to proceed.

## IV. CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Doc. 6) be **GRANTED** and this case be **CLOSED**.

Date: August 31, 2009                    s/ Timothy S. Black
                                         Timothy S. Black
                                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KENNETH D. CHRISTMAN, M.D., | : | Case No. 1:09-cv-189 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **10 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **10 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).